UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**GREEN TREE SERVICING, LLC,**

        **Plaintiff,**

-v-

**APRIL EDDIE, et al.,**

        **Defendant.**

Case No. 3:11-CV-396

Judge Thomas M. Rose

---

**ENTRY AND ORDER GRANTING GREEN TREE'S MOTION TO REMAND (Doc. #6) AND REMANDING THIS MATTER TO THE COURT OF COMMON PLEAS OF GREENE COUNTY, OHIO**

---

This foreclosure action was filed on October 5, 2011, in the Court of Common Pleas of Greene County, Ohio. It was brought by Green Tree Servicing, LLC ("Green Tree"). The Defendants are April Eddie ("Eddie") and her unknown spouse, Sterling Green Homeowners Association, Villages of Sterling Green Homeowners Association, The United States of America and the Treasurer of Greene County, Ohio.

On November 4, 2011, this foreclosure action was removed to this Court. (Doc. #2.) Title 28 U.S.C. §§ 1441 and 1446 were the basis for removal.

Now before the Court is Green Tree's Motion To Remand. (Doc. #6.) Eddie has responded (doc. #7) and the time has run and Green Tree has not replied. Therefore, the Motion To Remand is now ripe for decision.

**LEGAL PROVISIONS**

The statute governing removal of actions from state court to federal court provides that "any civil action brought in state court of which the district courts of the United States have

original jurisdiction may be removed by the defendant or the defendants to the district court of the United States… where such action is pending." 28 U.S.C. § 1441(a). However, when federal-court jurisdiction is based upon the parties' diversity of citizenship, removal is permitted "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which [the] action [was] brought." *Lincoln Property Company v. Roche*, 546 U.S. 81, (2005)(syllabus quoting 28 U.S.C. § 1441(b)).

Federal district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between… citizens of different states. 28 U.S.C. § 1332(a). This is termed "diversity jurisdiction."

For diversity jurisdiction to exist, the citizenship of each plaintiff must be different from the citizenship of each defendant. *Gafford v. General Electric Co.*, 997 F.2d 150, 155 (6th Cir. 1993), *overruled on other grounds by Hertz Corp. v. Friend*, 130 S.Ct. 1181 (2010). In other words, the law requires that diversity be complete. *Strawbridge v. Curtis*, 7 U.S. 267, 2 L. Ed. 435 (1806). *overruled on other grounds by Louisville, C. & C.R. Co. v. Letson*, 43 U.S. 497 (1844). Finally, defendants seeking removal to federal court bear the burden of proving that the district court possesses jurisdiction. *Williamson v. Aetna Life Insurance Co.,* 481 F.3d 369, 375 (6th Cir. 2007)(citing *Gafford*, 997 F.2d at 155.

## ANALYSIS

Green Tree argues that this matter should be remanded because this Court lacks subject matter jurisdiction and removal jurisdiction. This Court, according to Green Tree lacks subject matter jurisdiction because its foreclosure action is not a federal question. This Court, according

to Green Tree, lacks removal jurisdiction because 28 U.S.C. § 1441(b) permits removal of a non-federal question only if none of the defendants are citizens of the State in which the action is brought. Eddie responds that this matter is removable because this Court has diversity jurisdiction.

This Court does not have federal question jurisdiction. The Complaint is a foreclosure action brought pursuant to Ohio law.

Based upon the face of the foreclosure action, this Court has diversity jurisdiction. Green Tree's address is listed as 7360 South Kyrene Road, Tempe, Arizona; Defendant Eddie's address is listed as 1295 Prem Place, Xenia, Ohio; Defendant Sterling Green Homeowners Association's address is listed as 1426 Sterling Commons Boulevard, Xenia, Ohio; and Villages of Sterling Green's address is listed as 1 East Fourth Street, Cincinnati Ohio. The other named Defendants are merely formal or nominal Parties. Thus, the citizenship of all of the Defendants is diverse from the citizenship of the Plaintiff.

However, the removal statute upon which Eddie bases her removal, 28 U.S.C. § 1441, precludes removal by Eddie. This action was initially brought in Ohio. Based upon the face of the foreclosure action, Eddie, who is a party in interest properly joined, is a citizen of Ohio. The removal statute forbids removal of this diversity action to this Court located in Ohio by a citizen of Ohio.

Green Tree's Motion To Remand (doc. #6) is GRANTED. The Clerk is hereby ordered to remand this matter to the Court of Common Pleas of Greene County, Ohio.

**DONE** and **ORDERED** in Dayton, Ohio this Third Day of January, 2012.

                                                **s/Thomas M. Rose**

                                     _____
                                        THOMAS M. ROSE
                                  UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record